TRUSTEES OF the TROWEL TRADES EMPLOYEES HEALTH AND WELFARE TRUST FUND, et al., Plaintiffs,

v.

E. DeANGELIS AND SON, Defendant.

No. 82–1062–Civ–JLK.

United States District Court, S.D. Florida.

April 28, 1983.

---

Terence Connor, Miami, Fla., for plaintiff.

Howard S. Susskind, Miami, Fla., for defendant.

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

JAMES LAWRENCE KING, District Judge.

THIS CAUSE came before the Court upon Motion of Defendant, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for entry of Summary Judgment. This case presents a claim by Plaintiffs for contributions to various employee fringe benefit and pension funds based on hours worked by certain employees of the Defendant. Plaintiffs seek contributions allegedly due under a collective bargaining agreement entered into between the Defendant and the Union. Defendant's Amended Answer denies liability for any contributions required by this agreement and asserts as an affirmative defense the Union's failure to achieve majority status among Defendant's employees prior to repudiation by Defendant or completion of the project for which the agreement was applicable. It is on the basis of this affirmative defense that Defendant seeks summary judgment.

Plaintiffs, in their cross-motion for Summary Judgment, argue that case law on fringe benefit suits by trust funds "clearly support the proposition that the defense of lack of majority status is legally insufficient against a trust fund seeking to collect fringe benefit contributions." (Plaintiffs' Motion for Summary Judgment and Response to Defendant's Motion for Summary Judgment at 4) While this statement has some merit, it is not entirely true. Apparently, a convincing argument can be made, and has in fact been accepted by the 8th, 9th, 3rd and D.C. Circuits that, when a union pension fund is suing on a third-party beneficiary cause of action pursuant to Section 515 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1145, to recover contributions due and owing to the fund, no defenses such as fraud, misrepresentation, or lack of majority status on the part of the union may be interposed by the employer. The 5th Circuit, however, has rejected this argument. In *Baton Rouge Building and Construction Trades Council v. E.C. Shafer Construction Co.,* 657 F.2d 806 (5th Cir.1981), it was held that an employer *can* assert a union's lack of majority status as a defense in an ERISA action brought by a union pension fund. Although the 5th Circuit's position is pres-

ently a minority position, under the principles of *stare decisis, Shafer* is the law in this Circuit. The Court notes in this regard, that the majority status question is presently before the Supreme Court. *Todd v. Jim McNeff, Inc.,* 667 F.2d 800 (9th Cir. 1982) *cert. granted* —— U.S. ——, 102 S.Ct. 3508, 73 L.Ed.2d 1382 (1982). Unless and until the Supreme Court says otherwise, in this Circuit, an employer can assert a union's lack of majority status as a defense in an ERISA action.

 Since the Court finds that the lack of majority status defense is sufficient, the only question left to be resolved is whether at any given time the union achieved majority status among Defendant's employees on the Miami International Mall project. There are a variety of methods by which a labor organization can establish majority status. One method is to show that the employer has relied exclusively on the union's hiring hall for recruitment of its employees for a particular project. *See Amado Electric, Inc.,* 238 NLRB 37 (1978); *Ruttman Construction Co.,* 91 NLRB 701 (1971). Another is by having union members or applicants on the job. *See Land Equipment, Inc.,* 248 NLRB 98 (1980). Payment of union dues has also been found sufficient to show majority status. *NLRB v. SAC Construction Co.,* 603 F.2d 1155, 1157 (5th Cir.1978). Finally, a union wishing to establish majority status on a particular project can seek certification by NLRB election under the National Labor Relations Act. *See NLRB v. Local Union # 103, Ironworkers,* 434 U.S. 335, 345, 98 S.Ct. 651, 657, 54 L.Ed.2d 586 (1978).

In the instant action, it is conclusively established by the affidavits and supporting exhibits submitted by the Plaintiff that all of the Defendant's employees were either union members in Local # 7 or had authorized Defendant to check-off Union dues for Local # 7 from their wages. This has been found sufficient to show majority status. *See SAC Construction,* supra; *NLRB v. Auto Ventshade, Inc.,* 276 F.2d 303, 307 (5th Cir.1960). The Defendant is therefore obligated to pay to the Plaintiffs the sums due and owing, together with costs and reasonable attorneys' fees as authorized by § 502(g)(2) of ERISA. The Court having considered the argument of counsel and therefore being fully advised does

ORDER AND ADJUDGE that the Plaintiffs' Motion for Summary Judgment be, and it is, Granted; accordingly, Defendant's Motion for Summary Judgment is Denied; further the Court does

ORDER AND ADJUDGE that the Plaintiffs recover of the Defendant the sum of $7,222.37, with interest as provided by law, and costs of $106.25; further the Court does

ORDER AND ADJUDGE that the Plaintiffs recover of the Defendant attorneys' fees in the amount of $4,175.00.

DONE AND ORDERED in chambers at the United States Courthouse, Miami, Dade County, Florida this 28th day of April, 1983.